UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LOUIS ATTANASIO,

                      Petitioner,                                **MEMORANDUM & ORDER**

                                                                         **13-CV-5938 (NGG)**

        -against-

UNITED STATES OF AMERICA,

                      Respondent.
-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Louis Attanasio brings this pro se petition (the "Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Pet. (Dkt. 1).) Petitioner argues that, in light of Peugh v. United States, 133 S. Ct. 2072 (2013), he should be resentenced and deemed eligible for parole under the Parole Commission and Re-Organization Act of 1976 ("PCRA"), which was in effect when at least one of the predicate acts to his racketeering offense was committed. (Mem. in Supp. of Pet. ("Mem.") (Dkt. 2)[1] at 13-14.) Petitioner avers only that he is eligible for parole; he does not otherwise challenge the length of his sentence. (See id. at 1.) For the following reasons, the Petition is DENIED as untimely.

I.     **BACKGROUND**

    A.     **Procedural History**

On August 17, 2006, Petitioner entered a guilty plea before this court to one count of racketeering conspiracy and admitted his participation in the following racketeering acts: (1) loansharking conspiracy, extending from January 1980 to December 2000; and (2) the 1984

---

[1] All citations to "Dkt." refer to Case No. 13-CV-5938.

1

conspiracy to murder Cesare Bonventre. (Min. Entry (Crim. Dkt. 905)[2]; see Superseding Indictment (Crim. Dkt. 1).) The court sentenced Petitioner to 180 months' imprisonment, followed by a three-year term of supervised release. (See J. (Crim. Dkt. 928).) Petitioner was sentenced under the Sentencing Reform Act of 1984 ("SRA"), which repealed and replaced the PCRA and became effective on November 1, 1987. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987. The SRA "eliminated parole in the federal system and directed the Sentencing Commission to promulgate uniform guidelines that would be binding on federal courts at sentencing."[3] Peugh, 133 S. Ct. at 2079. Petitioner did not appeal his sentence.

### B. The Present 28 U.S.C § 2255 Motion

On October 25, 2013, Petitioner filed the present § 2255 motion to vacate, set aside, or correct his sentence. (Pet.) Petitioner asserts that his sentence violates (1) the Ex Post Facto Clause of the United States Constitution and (2) the General Savings statute, 1 U.S.C. § 109. (See Mem. at 10, 13.) He contends that while his sentence for the racketeering conspiracy was predicated on two acts—a murder conspiracy in 1984 and an extortion conspiracy continuing from January 1980 until December 2000—the "main part" of his sentence was determined by the murder conspiracy. (Pet. at 6.) Because the murder conspiracy took place in 1984, before the effective date of the SRA, Petitioner asserts that he should have been sentenced under the PCRA and thus eligible for parole. (See Mem. at 11-13.) On May 15, 2015, Petitioner filed a motion to expedite the court's review of his Petition. (Mot. to Expedite (Dkt. 20).)

---

[2] All citations to "Crim. Dkt." refer to Case No. 03-CR-1382.
[3] The Sentencing Guidelines are no longer binding. See United States v. Booker, 543 U.S. 220 (2005).

2

The Government responds that Petitioner's claims are untimely and that the General Savings statute claim is also procedurally barred.[4] (Gov't Opp'n to Pet. ("Gov't Opp'n") (Dkt. 15) at 4, 7.)

## II. DISCUSSION

The threshold question for this court is whether the Petition is timely. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 petitions are subject to a one-year statute of limitations. The one-year limitations period beings to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As Petitioner's judgment of conviction was entered on September 27, 2006 (see J.), his conviction became final on October 12, 2006. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App.

---

[4] Furthermore, the Government contends that Petitioner's claims fail on the merits as the racketeering conspiracy is a "straddle offense." (Id. at 6-7.) While the underlying conduct began before the SRA became effective, it continued until January 2004, well after the SRA had become operative. (Id.) The Government notes that under Second Circuit precedent, Petitioner was properly sentenced for his straddle offense under the SRA. (Id. at 7 (citing United States v. Story, 891 F.2d 988, 991-96 (2d Cir. 1989) (holding that the SRA requires application of the sentencing guidelines to straddle offenses that began prior to the effective date of the sentencing guidelines and continued past that date)).

3

P. 4(b)(1)(A) (as effective in 2006)[5] (providing that a criminal defendant's notice of appeal must be filed in the district court within 10 days after the entry of judgment); Fed. R. App. P. 26 (as effective in 2006)[6] (providing that intermediate Saturdays, Sundays, and legal holidays shall be excluded in computing period of times that are less than 11 days).[7] Petitioner filed the instant Petition on October 25, 2013. (See Pet.) Accordingly, the Petition is untimely under § 2225(f) unless Petitioner can demonstrate that he satisfied one of the (f)(2)-(4) prongs.[8]

Petitioner avers that his Petition is timely under § 2225(f)(3), as it was filed within one year of the Supreme Court's decision in Peugh, 133 S. Ct. at 2078, which he contends announced a new rule of constitutional law that was made retroactively applicable to cases on collateral review. (See Mem. at 5-6; Reply in Supp. of Pet. ("Reply") (Dkt. 18) at 1.) In Peugh, the petitioner was convicted of bank fraud in violation of 18 U.S.C. § 1344. See 133 S. Ct. at 2078. Peugh was sentenced in 2009 in accord with the 2009 Sentencing Guidelines, rather than the Guidelines in place when Petitioner's conduct occurred in 1998. See id. His sentencing range was 30 to 37 months under the 1998 Guidelines and rose to 70 to 87 months under the 2009 Guidelines. See id. at 2078-79. The Supreme Court reversed and remanded the case, holding that the Ex Post Facto Clause is violated when a defendant is sentenced under the Guidelines in

---

[5] The rule has since been amended to extend a defendant's time to appeal to 14 days. Fed. R. App. P. 4(b)(1)(A) advisory committee's note to 2009 amendment.

[6] The rule as currently enacted provides that Saturdays, Sundays, and legal holidays are counted for "all deadlines stated in days (no matter the length)." Fed. R. App. P. 26(a)(1) advisory committee's note to 2009 amendment.

[7] Columbus Day is defined as a "legal holiday" under the rule. Fed. R. App. P. 26(a)(6)(A).

[8] Although not raised by the Petitioner, the court finds any potential equitable tolling argument unavailing. Petitioner has not alleged that there was anything that prevented him from raising this argument on direct appeal. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (holding that a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and must also establish that he "acted with reasonable diligence throughout the period he seeks to toll").

4

place at sentencing when such Guidelines provide for a higher sentencing range than those in effect at the time of the offense.[9] Id. at. 2085.

On June 17, 2014, the Second Circuit held that the Supreme Court's Peugh decision did not announce a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." Herrera-Gomez v. United States, 755 F.3d 142, 147 (2d Cir. 2014) (quoting 28 U.S.C. § 2255(h)(2)) (denying authorization of petitioner's successive habeas petition after determining that the rule announced in Peugh was not retroactive). Only the Supreme Court may make a new rule retroactive to cases on collateral review. Tyler v. Cain, 533 U.S. 656, 663 (2001) (discussing this requirement within the context of § 2244(b)(2)(A)). The Second Circuit found that the Court "did not expressly hold [the Peugh rule] to be retroactive to cases on collateral review." Herrera-Gomez, 755 F.3d at 146.

Moreover, the circuit court held that the Peugh decision does not fall under either of the "two categories of cases" held to be retroactive by the Supreme Court in Teague v. Lane, 489 U.S. 288 (1989). See Herrera-Gomez, 755 F.3d at 146. In Teague, the Court held in relevant part that a new constitutional rule of criminal procedure generally should not be applied retroactively to cases on collateral review unless the rule falls within one or both of the following exceptions: (1) the rule protects "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; or (2) the procedural rule is so "implicit in the concept of ordered liberty" such that it is a watershed rule of criminal procedure. 489 U.S. at 305-08 (internal quotation marks and citations omitted). Petitioner asserts that Peugh

---

[9] The court adds that Peugh is not directly applicable to the claims advanced by Petitioner. The petitioner in Peugh challenged the Guidelines used to formulate his sentence. 133 S. Ct. at 2078. By contrast, Petitioner challenges the statute pursuant to which his sentence was imposed. Specifically, Petitioner asserts that he should have been sentenced under the PCRA rather than the SRA or, at a minimum, he should receive the benefits of the PCRA, i.e. eligibility for parole. (Mem. at 6.)

5

falls within the "watershed rule of criminal procedure" exception; however, Herrera-Gomez expressly rejects that contention and articulates that Peugh simply changed the discretion afforded to judges in determining which Guidelines to apply at sentencing. 755 F.3d at 146. As such, the Second Circuit held that Peugh "did not set forth a watershed rule of procedure such that it would apply retroactively under Teague." Herrera-Gomez, 755 F.3d at 146.

Because Peugh did not articulate a right made "retroactively applicable to cases on collateral review," Petitioner cannot meet the requirements of 28 U.S.C. § 2255(f)(3). The Petition is therefore untimely and is denied on this basis.

## III. CONCLUSION

Petitioner's Motion to Expedite (Dkt. 20) is GRANTED. For the aforementioned reasons, the Petition (Dkt. 1) is DENIED as untimely. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully DIRECTED to mail a copy of this Memorandum and Order to Petitioner.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
June 30, 2017

NICHOLAS G. GARAUFIS
United States District Judge